UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

                                                              Cr. 07-907 (ADS)

MICHAEL IUNI,

    Defendant.
------------------------------------------------------X

## MOTION TO SET CONDITIONS OF RELEASE AND
## MEMORANDUM OF LAW

COMES NOW the defendant, by and through his counsel, Alan M. Nelson, and moves this Court for an Order Setting Conditions of Release and in support thereof states the following:

1. The Government can not produce clear and convincing evidence that no conditions of release exist which would provide reasonable assurance that Mr. Iuni if released, would pose a danger to the community.

2. The Government can not establish by a preponderance of the evidence that no conditions of release exist which would provide reasonable assurance that Mr. Iuni, if released, would flee.

3. The following conditions of release are available to the Court to reasonably assure the safety of the community and the appearance of Mr. Iuni as required.

The present bond as proposed is as follows:

**A. Secured Bond**: The defendant proposes that the defendant be released on the following conditions:

A **$1,000,000 Personal Recognizance Bond. Such bond to be secured by a mortgage and confession of judgment upon 35 Papania Drive, Mahopac, New York.** This residence is jointly owned by Joseph and Phyllis Iuni the defendant's parents, both of whom are retired. Mr. Iuni was employed as a steelworker for over 40 years. He and his family resided in a home they owned in Mt.

Vernon for over twenty years. Eight years ago the Mt. Vernon home was sold and the family purchased the presented residence with the proceeds of the sale. The property which is unencumbered has a present appraised valve in excess of $535,000.(See Exhibit "A").

The bond would be further secured by the signatures of these financially secure individuals as well as the following individuals:

**AnnMarie Iuni**. Defendant's sister, Ms. Iuni has a MSW, she recently entered private practice having previously been employed at Children's Hospital and Shore Psychiatric Facility. During her first year of private practice Ms. Iuni earned $35,000. She anticipates that her income this year shall exceed $60,000.

**Michael Iuni**. The defendant has been employed for over five years as a Steelworker through assignments from Local 45. In that capacity his 2006 income was $63,000. The defendant had been employed at a jobsite located at 77 Hudson Street until two days prior to his arrest. As a result of the fire the job-site was temporarily closed and all the steelworkers laid off. The defendant was awaiting re-assignment by the union to another site which if release would occur within one week. Annexed as Exhibit "B" are a letter from the union, the first page of the defendant's 2006 federal Tax Return and his vacation benefit form for a portion of 2007.

Accordingly the proposed package would be secured by real property with an equity value in excess of $500,000.00 and be further secured by and individual with income in excess of $100,000.

The proposed bond comports substantially to that set by the court for the release of Louis Pipolo who is charged in the instant matter with the more serious offenses of Hobbs Act Robbery and Possession of a Firearm in furtherance of that offense..

**B. Home Detention:** If released Mr. Iuni would reside in the residence of his parents Joseph and Phyllis Iuni located at 35 Papania Drive in Mahopac, New York subject to home confinement with electronic monitoring at all times except to attend employment , Court, meet with counsel and for medical emergencies.

Aware of the government and court's concerns as it relates to the allegations in the complaint Mr. Pecoraro consents to the following additional conditions:

**C. Electronic Monitoring:** Mr. Iuni will consent to submit to electronic monitoring.

**D. Third Party Monitoring Team:** A team of concerned family will serve to provide additional assurances. The members of this team will consist of the defendant's parents and his sister. The Iuni location was selected because their retirement allows that one adult would be present in the residence virtually round the clock. The monitoring team under threat of contempt of court, will assure that Mr. Iuni is complying with all conditions of release.

1. All family members listed above.

**E. Visitation Prohibitions:** No co-defendant's or others identified by the government will be permitted except those submitted to and approved by the Court. In addition, the Iuni family will

consent to random monitoring of all incoming and outgoing telephone calls and the defendant will not use the telephone himself at all, except in the case of an emergency.

**F. Out of State Travel Prohibited:** Mr. Iuni would be prohibited from leaving the the Southern and Eastern Districts of New York under any circumstances whatsoever.

**H. Drug Testing and Treatment:** The defendant agrees to enroll in an out-patient drug treatment program approved by Pre-trial Services which program would include mandatory drug testing, the release of the test results to Pre-trial Services and drug testing by Pre-trial Services.

**I. Supervised Release:** Should Mr. Iuni violate any of these conditions for release, or if he were to commit any federal, state or local crime during this period of release, he would be immediately remanded, and a warrant for his arrest would be issued.

**J. Any Other Conditions Which The Court Might Deem Appropriate:**

WHEREFORE, it is respectfully requested that this Court Order the release of Michael Iuni on the conditions set forth above or release Mr. Iuni on such conditions as the Court deem appropriate to assure the safety of the community and Mr. Iuni's appearance in court.

Dated: Lake Success, New York
October 19, 2007

Respectfully submitted by,

_____
ALAN M. NELSON (AMN 3891)
Attorney for Michael Iuni
300 Marcus Avenue, Suite 1E5
Lake Success, NY 11042
(516) 328 6200

# MEMORANDUM OF LAW

## A. THE RELEVANT LAW

The Supreme Court has stated unequivocally:

In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. *Unites States v. Salerno, 481 U.S. 739, 755, 107* S.Ct. 2095, 2105, 951 L.Ed.2d 697 (1987), Judge Vinccent L. Broderick, United States District Judge for the Southern District of New York, put the point eloquently:

> ... We detain people today who need not be detained -- people who pose neither the threat of flight nor threats to the community. Until we develop a more rational approach to the question of pretrial detention .... the crisis will continue. We must never flinch from pretrial detention in situations which call for it -- where there are foreseeable risks of flight or of danger to members of the community. But we should not overuse it.
>
> Today we are detaining pretrial many people who will not flee and are not dangerous. Doing this creates a myriad of problems: it flies in the face justice. It is time for those who are actively involved in and truly committed to the criminal justice process to make our voices heard.

*57 Federal Probation 4, 5, 7-8 March 1993)*

18 U.S.C. §3142 governs the procedure that must be followed in making the determination as to whether a defendant shall be released or detained pending trial. The Act requires the release of a person facing trial under the least restrictive condition or combinationof conditions that will reasonably assure his or her appearance as required and

the safety of thecommunity. *United States v. Gebro,* 948 F.2d 1118 (9th Cir. *1991),* United States *v. Motamedi,* 767F.2d 1403, 1405 (9th Cir. 1985).

Section 3142(g) of the statute specifies various factors that must be considered in making the determination as to whether conditions of release exist that will reasonably assure the appearance of the person and the safety of the community. These factors are:

> (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the [defendant] was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of [a] sentence; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. §3142(g).

The weight of the evidence is the least important factor. *Gebro, supra.* 948 F.2d at 1121, *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

The Bail Reform Act requires that a finding of dangerousness be proved by "clear and convincing" evidence produced by the government. The clear and convincing evidence requirement imposes a "heavy burden" on the government. *Matamedi,* supra, 767 F.2d at 1406. If that burden is not met reasonable bail must be set. "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *United States v. Orta,* 760 F.2d 887 (8th Cir 1985).

As stated by the Second Circuit in *United States v. Chimurenga,* 760 F.2d 400 (2d Cir. 1985):

> The 'clear and convincing evidence' with respect to a defendant's danger to the community required by §3142(f1(2)(B) means something more than 'preponderance of the evidence' and something less than 'beyond a reasonable doubt.' See *Addington v. Texas*, 441 U.S. 418, 431, 99 S.Ct. 1804, 1812, 60 L Ed.2d 323 (1979). To find

> danger to the community under this standard of proof requires that the evidence support such conclusion with a **high degree of certainty**. 760 F.2d at 405. (Emphasis added).

In *United States v. Dominguez*, 783 F.2d 702 (7th Cir, 1986), the court vacated the district court's detention order. The court held:

> A defendant cannot be detained as dangerous under §3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions 'will reasonably assure...the safety of the community ...'. **That finding cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct.** (Emphasis added)

The government is put to such a heavy burden, and the Court is required to exercise such severe restraint, because in determining "dangerousness the Court is called upon to make the most difficult of findings.

As noted by the Court *in United States v. Perry*, 788 F.2d 100 (3rd Cir. 1986):

> (T)he dangerousness determination involves a prediction of the detainee's likely future behavior, such a prediction explores not the external world of past events but the inner territory of the detainee's intentions. By it's very nature such a prediction is a far more speculative undertaking than the reconstruction of past events. Moreover, in the only other context in which the American judicial system, state or federal, is asked to make a prediction of future dangerousness -- the confinement of the mentally ill who are a danger to themselves or others-- the prediction is made with the assistance of medical professionals who have received scientific training in making such a prediction based upon clinical observation.

Doubts regarding the propriety of release must be resolved in favor of the defendant. *United States v. Motamedl, supra, 767* F.2d at 1405; *Herzog v, United States*, 75 S. Ct. 349, *351, 99* L.E. 1299 (Douglas, Circuit Justice *1955); See United States v. McGill, 604* F.2d 1252, 1255 (9th Cir. 1979), cert. denied 444 U.S. 1035, 100 S.Ct, 708 (1980).

In contravention of the Government's allegations Mr. Pecoraro has tendered the

testimony of his family who know him in the community. All express confidence that Mr. Pecoraro poses no danger to the community or risk of flight. The fact that community members are willing to act as "bird-party monitors is also a demonstration of good character as well as rebuttal of a concern that *he* would be a danger to the community. See *United States v. Carbone, 793* F.2d 559, 561 (3d Cir. 1986).

Other factors which the Court must consider weigh in favor of release. There is nothing in the record, nor could there be, suggesting any concern regarding Mr. Pecoraro's physical and mental condition with respect to risk of flight or danger to another. Moreover, his family and community ties are strong as evidenced by the support offered on his behalf.

## B. AVAILABLE CONDITIONS OF RELEASE

We request that the Court, pursuant to 18 U.S.C. §3142(c), set bail for Mr. Iuni under the conditions stated in our Motion at paragraph 3. This request constitutes a home detention plan comprised of a combination of components that form an extremely restrictive aggregate program. In making this request we respectfully invite the Court's attention to the mandate of 18 U.S.C. §3142(c)(B), which requires the implementation of the "least restrictive further condition, or combination of conditions . . . " This request is based upon our belief that such conditions will provide the reasonable assurances required by the statute.

The gravamen of this plan provides that Mr. Iuni will be restricted in his contacts with others, both by his remaining at his residence and by restrictions on who may visit that residence. These restrictions will be monitored by his family, all of whom will be committed and obligated, both financially and under threat of Contempt of Court, to notify the Court in the event of any violation on the part of Mr. Iuni. In addition the plan provides for the defendant's participation in mandatory drug treatment and screening while release. It is respectfully submitted that these restrictions provide the requisite reasonable

assurance that Mr Iuni if released, will neither flee, nor pose a danger to the community.

## C. CONCLUSION

On the question of detention it is the prosecution's burden to establish that no release condition or combination of conditions will reasonably assure the safety of the community. The prosecution must establish dangerousness by clear and convincing evidence and risk of flight by a preponderance of the evidence. Only if the prosecution carries its burden that no release conditions will reduce the risk of flight or dangerousness to the community, is detention appropriate.

The defendant is 50 years of age, a lifelong resident of New York and New Jersey and has resided continuously his entire life. He has been employed on a full-time basis as an iron worker ads a member of Local 45 for the past eight years. Up to two days prior to his arrest he had been employed by Broadway Concrete Corp. and working at a job sit located at 77 Hudson street in Manhattan. Unfortunately on October 2, 2007 their was serious fire on the job site closing the job which resulted in the lay-off of the sites ironworkers. The defendant has earned $30 per hour working between 40-50 hours weekly prior to his lay-off. Last year the defendant earned approximately$63,000. (See Exhibit B). It is anticipated as is the custom and practice of Local 45 that the defendant will be reassigned by the union to another job-site within days were he to be released from custody and return to the same level of income.

Upon the initial presentation of this matter the government represented to the Court that the defendant faced a sentence if convicted well in excess of twenty years premised upon their erroneous belief that Iuni is a Career Offender.

Close review of the defendant' arrest record reveals that the government's contention

is incorrect. Although the defendant does have one prior felony conviction, a 15 year old narcotics conviction, he does not have any other felony conviction for either a narcotics offense or crime of violence as required pursuant to U.S.,S.G. 4B1.1 to be classified as a Career Offender  The government error was in mistakenly believing that the defendant's 8/30/74 conviction for Attempted Assault in the Third Degree was a violent felony.
In fact under New York Penal Law section 11/120.00 the offense is a class B misdemeanor.  Review of the defendant's Criminal history appears to indicate that he has either three or four criminal history points pursuant to U.S.S.G. 4A1.1 and 4A1.2 and therefore falls in criminal history category II or III, rather than VI as represented by the government at initial presentment. (See Criminal History, Exhibit "C").
A preliminary review of the defendant's guideline range appears to indicate that applying U.S.S.G. 2B3.2 and all relevant enhancements his maximum exposure would be 51-63 months incarceration rather Career Offender sentence in excess of 20 years claimed by the government.

 The nature of the allegations herein are serious but this is not a  presumption case under the Bail Reform Act.

The government relies on three basis to suggest dangerousness.  The defendant's prior criminal history, his alleged association with organized crime and his prior drug history.  The defendant has one prior felony conviction for narcotics.  As outlined above his criminal history is not what the government has represented.  His past substance abuse problems can clearly be addressed by the proposed package of drug treatment, drug testing and home confinement.  With respect to the allegation that the defendant is an "associate of organized crime, no such proof has been provided.  Indeed the alleged act of extortion is over three years old and hence appears to be historical in nature, relying it is assumed upon

government informants primarily. Moreover a significant identification question given the date of offense might well exist.

Significantly two co-defendant's Angelo Nicoscia and Louis Pipolo have been released on conditions less restrictive than those presenly proposed. Yet each are charged with the more serious offenses of Hobbs Act robbery and Possession of a Firearm in Furtherance of that offense. Iuni is not charged with a firearms offense, none is alleged to have been used in the offense and he has not been convicted of weapons charge inclose to 30 years.

The conditions of release specifically confine the defendant to his residence, prohibit him from contact either by visit or phone with anyone other than those individuals approved by the government, and provides for supervision of the defendant by others.

The gravamen of this plan provides that Mr. Iuni will be restricted in his contacts with others, both by his remaining at his parent's residence under electronic monitoring and severe limitations upon who may visit that residence. These restrictions will be monitored by his family, all of whom will be committed and obligated, both financially and under threat of Contempt of Court, to notify the Court in the event of any violation on the part of Mr. Iuni

It is respectfully submitted that these restrictions provide the requisite reasonable assurance that Mr. Iuni if released, will neither flee, nor pose a danger to the community

The government does not possess sufficient evidence to demonstrate by clear and convincing evidence that Mr. Iuni is a danger to the community when balanced against the proffered conditions of release..

Mr. Iuni's family ties are extraordinary and his reputation, as demonstrated by the family members who have come forward on his behalf, is of great significance. The

seriousness of an offense can never, in and of itself, justify the detention of one charged with a crime. Rather, it is simply one factor to be weighed, and balanced, with other factors in determining whether a particular individual poses a danger to the community or risk of flight.

Were this not the case, then every defendant in every serious case would be detained, regardless of any other considerations. That, of course, is not the law.

Michael Iuni has offered circumstances, not the least significant of which is home confinement in his daughter's residence which give the Court reasonable assurances for the safety of the community and his appearance in court.

This Court can impose additional conditions which will supplement those already existing to provide reasonable assurance of the safety of the community and his appearance, including severe restrictions upon his contacts with others and a means of monitoring compliance with those restrictions. Because the prosecution cannot, under the particular circumstances carry its burden to prove otherwise, detention is unwarranted.

Dated: Lake Success, New York
      October 19, 2007

Respectfully submitted by,

_____
ALAN M. NELSON (AMN 3891)
Attorney for Michael Iuni
3000 Marcus Avenue, Suite 1E5
Lake Success, NY 11042
(516) 328 6200

cc: AUSA Elie Honig

EXHIBIT "A"



File No. 35-Papania

# APPRAISAL OF



Single Family Residence

## LOCATED AT:

35 Papania Drive
Mahopac, NY 10541

## FOR:

Private
N/A

## BORROWER:

Iuni

## AS OF:

October 15, 2007

## BY:

Stephen Domenici

45 Dalton Road Unit 1C, New Rochelle, NY 10804  914-804-0004/914-813-1412



File No. 35-Papania

Private
N/A

File Number: 35-Papania

In accordance with your request, I have appraised the real property at:

35 Papania Drive
Mahopac, NY 10541

The purpose of this appraisal is to develop an opinion of the market value of the subject property, as improved. The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the market value of the property as of October 15, 2007 is:

$535,000
Five Hundred Thirty-Five Thousand Dollars

The attached report contains the description, analysis and supportive data for the conclusions, final opinion of value, descriptive photographs, limiting conditions and appropriate certifications.

Respectfully Submitted,

*Stephen Domenici*

Stephen Domenici

Stephen James Appraisals, Inc

43 Calton Road Unit 1C, New Rochelle, NY 10804  914-804-0004/914-813-1412



M & M EXPRESS ABSTRACT, INC.
664 BAY STREET • SUITE 202 • STATEN ISLAND, NEW YORK 10304

(718) 981-2223
FAX (718) 981-3337

October 17, 2007

David Nigrelli, Esq.
220 Whiteplains Road Suite 425
Tarrytown, New York 10591

Re:  Judgment and Lien Search JLS 796
     35 Papania Drive, Putnam County
     Section: 85.8 Block: 2 Lot: 56

Dear Mr. Nigrelli:

A judgment and lien search has been conducted in Putnam County, the following is found of record;

Executor's Deed-Owner: Joseph Iuni and Philomena Iuni, his wife, who acquired title by deed from Vincent T. Sassone a/k/a Vincent Sassone as executor of the last will and testament of Americo Sassone who died a resident of Putnam County on 1/7/97 dated 6/22/00 recorded 7/10/00 in Liber 1515 cp. 245.

Mortgages: NONE OF RECORD.

Searches were run against the name (s) Joseph Iuni/Giusseppe Iuni and Philomena Iuni- NOTHING FOUND as of 10/2/07.

Legal description (see within).

Liability is limited to amount paid for this search.

Very truly yours,

Marilyn C. Bartiromo
Enclosure:

REPRESENTING
COMMONWEALTH LAND TITLE INSURANCE COMPANY
TITLE INSURANCE SINCE 1876

EXHIBIT "B"

**International Association**
**OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, LOCAL NO. 45**
Affiliated with A. F. of L.
558 NEWARK AVENUE • JERSEY CITY, N.J. 07306
Phone: 201-653-3366; 201-653-3705

PAT DRUM
President

WILLIAM KEARNEY
Recording Secretary

JAMES KEARNEY
Business Representative

JAMES KEARNEY, JR.
Fin. Sec'y & Treasurer

October 17, 2007

To whom it may concern,

I am writing this letter on behalf of Michael Iuni, michael has been working steady in the ironworkers For the past few years and his work performance and relationship with the men was very good.

He has worked for Industrial concrete, Bayside Construction, and Broadway concrete. Mike has been a Good worker for these companies and there's work for Mike when he's able to return.

Fraternally yours

James Kearney

FST

# Form 1040 U.S. Individual Income Tax Return 2006

Department of the Treasury — Internal Revenue Service

(99) IRS Use Only — Do not write or staple in this space.

For the year Jan 1 - Dec 31, 2006, or other tax year beginning _____, 2006, ending _____, 20 ___

OMB No. 1545-0074

**Label** (See instructions.)

Use the IRS label. Otherwise, please print or type.

Your first name: MICHAEL   MI:   Last name: IUNI

Your social security number: 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

If a joint return, spouse's first name   MI   Last name

Spouse's social security number

Home address (number and street). If you have a P.O. box, see instructions.   Apartment no.
85 FAIRVIEW AVENUE

City, town or post office. If you have a foreign address, see instructions.   State   ZIP code
JERSEY CITY, NJ 07304

▲ You must enter your social security number(s) above. ▲

Checking a box below will not change your tax or refund.

**Presidential Election Campaign**
▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund? (see instructions) ........ ▶ ☐ You  ☐ Spouse

**Filing Status**

Check only one box.

1. ☐ Single
2. ☐ Married filing jointly (even if only one had income)
3. ☐ Married filing separately. Enter spouse's SSN above & full name here. ▶
4. ☒ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here ▶ JOSEPH IUNI
5. ☐ Qualifying widow(er) with dependent child (see instructions)

**Exemptions**

6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a. .........
b ☐ Spouse ..........

Boxes checked on 6a and 6b ... 1

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see instrs) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

No. of children on 6c who:
• lived with you ....
• did not live with you due to divorce or separation (see instrs) ....

Dependents on 6c not entered above ....

If more than four dependents, see instructions.

Add numbers on lines above ▶ 1

d Total number of exemptions claimed ..........

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 63,052. |
|---|---|---|---|
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a. | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends (see instrs) | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see instructions) | 10 | 426. |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Att Sch D if reqd. If not reqd, ck here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions ..... 15a   b Taxable amount (see instrs) | 15b | |
| 16a | Pensions and annuities .... 16a   b Taxable amount (see instrs) | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits ..... 20a   b Taxable amount (see instrs) | 20b | |
| 21 | Other Income | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 63,478. |

**Adjusted Gross Income**

| 23 | Archer MSA deduction. Attach Form 8853 | 23 | |
|---|---|---|---|
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction (see instructions) | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid  b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction (see instructions) | 32 | |
| 33 | Student loan interest deduction (see instructions) | 33 | |
| 34 | Jury duty pay you gave to your employer | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 - 31a and 32 - 35 | 36 | 0. |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | 37 | 63,478. |

BAA For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see instructions.   FDIA0112L 11/07/06   Form 1040 (2006)

**Ironworkers Vacation Benefit**
**District Council of Northern New Jersey**
12 Edison Place
Springfield, NJ 07081-1310

**VACATION BENEFIT**

| EMPLOYER NAME | PAY FROM | PAY THRU | HOURS | AMOUNT |
|---|---|---|---|---|
| S & R REBAR CONSULT INC | 07/04/2007 | 07/10/2007 | 28.25 | 231.65 |
| BROADWAY CONCRETE | 09/19/2007 | 09/25/2007 | 41.50 | 340.30 |
| BROADWAY CONCRETE | 09/12/2007 | 09/18/2007 | 47.50 | 389.50 |
| BROADWAY CONCRETE | 09/05/2007 | 09/11/2007 | 56.50 | 463.30 |
| BROADWAY CONCRETE | 08/29/2007 | 09/04/2007 | 36.50 | 299.30 |
| BROADWAY CONCRETE | 08/15/2007 | 08/21/2007 | 70.00 | 574.00 |
| BROADWAY CONCRETE | 08/22/2007 | 08/28/2007 | 44.00 | 360.80 |
| BROADWAY CONCRETE | 08/08/2007 | 08/14/2007 | 30.00 | 246.00 |
| BROADWAY CONCRETE | 08/01/2007 | 08/07/2007 | 19.00 | 155.80 |
| BROADWAY CONCRETE | 07/24/2007 | 07/31/2007 | 39.50 | 323.90 |
| BROADWAY CONCRETE | 07/18/2007 | 07/24/2007 | 12.00 | 98.40 |
| BROADWAY CONCRETE | 07/18/2007 | 07/24/2007 | 8.00 | 65.60 |
| BROADWAY CONCRETE | 07/03/2007 | 07/10/2007 | 31.50 | 258.30 |
| BROADWAY CONCRETE | 06/27/2007 | 07/03/2007 | 12.50 | 102.50 |
| BROADWAY CONCRETE | 06/27/2007 | 07/03/2007 | 46.50 | 381.30 |
| | | Total | 523.25 | 4290.65 |

| IRS LEVY | PAC WITHHOLDING | ANN. PRINCIPAL | ANN. INTEREST | COURT ORDER | MISC WITHHOLDING | CHECK AMT |
|---|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4290.65 |

**DETACH BEFORE CASHING CHECK AND RETAIN FOR YOUR RECORDS**